The complaint alleged that the plaintiff's intestate was a brakeman on defendant's freight train, and injured by the negligence of defendant in consequence of the defective condition of a locomotive, of which condition the intestate had no notice. The defendant denied the charge of negligence, and averred that intestate knew of the existence of the causes which are alleged to have produced the injury complained of.
The defendant offered the order issued by Judge Dick, United States Judge. And to sustain this order the defendant offered in evidence the petition, affidavit and bond of the defendant, filed in the Circuit Court of the United States, as shown by a transcript from said court (605) In the order of Judge Dick, after a finding that the prejudice and local adverse influence did actually exist, as set out in the petition and affidavit of defendant, it was "further ordered and adjudged that the said cause, suit or action be removed to the Circuit Court of the United States for the Western District of North Carolina, and that the clerk of the said court at Asheville, within said district, certify this order to said State court, to the end that the transcript of the record in said cause, suit or action be made and transmitted to this court, that the same may be tried in the Circuit Court for the Western District of North Carolina."
The defendant asked the court to sign an order as follows:
"It appearing that the defendant, the Richmond and Danville Railroad Company, has obtained an order for the removal of this cause into the Circuit Court of the United States for the Western District of North Carolina, all of which appears from the petition, affidavit and bond of said defendant and the order of said court duly certified to this court, it is considered and adjudged that this court will proceed no further in this cause, and that the clerk of this court certify to said Circuit Court before the next term thereof a copy of the record in this case."
His Honor declined to permit the removal and to sign the order. and defendant appealed.
Where it appears by affidavit and petition, as prescribed by the act of Congress, that the Circuit Court of the United States has jurisdiction of the parties to and subject-matter of a suit pending in the State court, and that on account of prejudice and local influence the *Page 441 
petitioner will not be able to obtain justice in the court in which the action has been brought, or in any other State court to which (606) it may be removed under the laws of the State, the Federal Court, if satisfied as to the sufficiency of the proof of prejudice and local influence adverse to the petitioner, may grant the order of removal. In reference to the practice in such cases, Foster, after calling attention to the fact that it is not clearly settled by the adjudications of the courts how much of the Revised Statutes relating to removal had been repealed by implication by the Act of 1888, makes the following suggestion: "The prudent practitioner, when seeking to remove a cause for prejudice or local influence, will comply with the provisions of the Revised Statutes, and also with the practice in ordinary removals. It seems that the petition should be presented to the Federal Court and a certified copy of the same, with the proceedings thereon, filed in the State court." Foster's Federal Practice, sec. 386. It would seem that the defendant has acted upon the foregoing suggestion in filing a certified copy of the petition and affidavit in the State court, but has gone further in procuring a writ of certiorari and moving for a formal order for the transfer, founded upon the record so filed. The judge below, after reciting the order offered for his signature, declined "to permit the removal of the cause to the Circuit Court of the United States, and to sign the order presented by the defendant." The material part of the order which the court was asked to make, was as follows: "It is considered and adjudged that the court will proceed no further in this cause, and that the clerk of the court certify to said Circuit Court before the next term thereof a copy of the record in this case." The plaintiff is a resident and citizen of the district in which the action was brought, while one of the defendants is a nonresident corporation. The Circuit Court, in the exercise of its discretion, has found prima facie, upon the defendant's affidavit and petition, that on account of prejudice and local influence the foreign corporation cannot obtain a fair trial in the court where the action was brought, or in any other State court to which it might by law be transferred and has ordered the removal to the (607) Federal tribunal. There is no ground for questioning the power of the Circuit Court to make and enforce such an order, since it had jurisdiction of the parties and subject-matter, upon its unreviewable finding that the necessary conditions existed for its exercise, to wit, prejudice and local adverse influence. The only points presented for adjudication by this appeal are:
1. Whether the court below was authorized to declare that it declined"to permit the removal."
2. Whether the proper practice was to recognize the fact by a formal order, the cause having already been transferred to the Federal tribunal, *Page 442 
that the court would not proceed further, and thereby give notice to parties and witnesses that they would not again be called.
3. Whether, conceding that the Circuit Court had already acquired jurisdiction, the defendants could insist upon an order from the State court to certify the record.
We do not understand why the learned counsel for the defendants should have pressed the point that there was any conflict between the decision of this Court in Lawson v. R. R., 112 N.C. 390, and an opinion of one of the Circuit Judges of the United States, since no such conflict appears to exist, and if it had been shown, we claim the right, nevertheless, to hold to our own construction until the Supreme Court of the United States shall have interpreted the meaning of the statute otherwise. If, in the case at bar, it had appeared from the petition that the plaintiff was a citizen of a State other than North Carolina, then the Circuit Court would have had no jurisdiction of the case, and we would have adhered to our rulings in the Bostian Bridge cases, and unhesitatingly have sustained the judge below in declining to desist from further proceedings and to have the record of the cause certified (608) to a tribunal which, upon the face of the record transmitted from it, appeared to have no authority to take cognizance of the controversy. In order to confer jurisdiction upon the Circuit Court by the terms of the law as amended, all of the plaintiffs must be citizens of the State where the suit is brought, and at least one of the defendants must be a nonresident. 20 A. E., 999; Thomas v. R. R., 38 Fed., 673;Niblack v. Alexander, 44 Fed., 306; Pike v. Floyd, 42 Fed., 247; Jeffersonv. Beaver, 117 U.S. 272; Yancey v. Parker, 132 U.S. 267.
On the other hand, it is only where the petition and affidavits show that the cause is one which the Federal tribunal is empowered to remove and to try that the jurisdiction of the State court is ousted, ipso facto, upon the making of the order by the other court. Whether the petition for removal be based upon the allegation of local prejudice, diverse citizenship or other grounds recognized as sufficient by statute, if it appear from the application itself that the Circuit Court cannot lawfully take cognizance, it is both the right and the duty of the State court to ignore an order of removal and proceed as though it had had no notice of it. Stevens v. Nichols, 130 U.S. 230; R. R. v. Swain, 111 U.S. 379;Wilson v. Bruce, 108 U.S. 531.
"A State court," said Chief Justice Waite, in delivering the opinion inStowe v. South Carolina, 117 U.S. 430, "is not bound to surrender its jurisdiction on a petition for removal until a case has been made which, on its face, shows that the petitioner has the right to the transfer.... The mere filing of a petition for the removal of a suit which is not *Page 443 
removable does not make a transfer." Steamship Co. v. Ferguson,106 U.S. 122; 2 Foster Fed. Prac., sec. 385a. The Constitution of the United States, and the statutes enacted and treaties made in pursuance of its provisions, are the supreme law of the land, and when one of its courts, in the exercise of its rightful jurisdiction, issues an order to one of the judicial tribunals of a State, it is at least a breach of judicial courtesy in the State court to refuse compliance. 2 Foster,supra, sec. 385a; S. v. Hoskins,77 N.C. 530. (609)
It was error to "decline to permit" the removal upon the affidavit offered therefore, and we think that it is the usual practice, and is proper, to enter a formal order that the State court will not proceed further, to the end that parties and witnesses may understand that they will not be required to attend unless upon notice that the cause has been remanded. S. v. Hoskins, supra. In all cases where the Circuit Court has the power to remove, and exercises it by making an order, it may issue acertiorari to the State court, or, without asking for such writ, the parties may, upon filing a certified copy of the affidavit, petition and order of the Federal tribunal in the State court, demand a certified copy of the record. Foster, supra, sec. 390. It has been generally held that, upon the filing of the certified copy of the record of the State court, the Federal Court may proceed to hear and dispose of a civil cause. Ibid. Where a criminal action is removed, it is the practice to issue a writ of habeascorpus cum causa. S. v. Sullivan, 110 N.C. 513; S. v. Hoskins, supra. It is not error in the State court to refuse to order the record to be certified, because the clerk was required, on request, to furnish a certified copy, and it was his duty to certify it to the Federal Court, in obedience to the writ of certiorari, without any motion or order made in his own court, though comity might dictate to the Federal tribunal a different course, but it was clearly error in the court below to resist the order after the record had been certified, showing sufficient ground for removal. We think, also, that when the jurisdiction of the Federal tribunal attached, the order that the court would not proceed further should have been made, on motion of the defendants, for the reason already stated. S.v. Hoskins, supra.
If the application had been made to the State court, and founded upon an affidavit or complaint alleging only diverse citizenship as a ground of removal, as in the case of Douglas v. R. R., (610)106 N.C. 65, it would have been properly refused on the ground that the controversy was not wholly between citizens of different states, and was not a separable controversy. 20 A. E., 995 to 998. But as we have already shown, where the petition is filed in the Federal Court, and founded upon prejudice and local influence, if the plaintiff *Page 444 
is a resident of the district, it is sufficient under the amended act if either of the defendants be a nonresident. 20 A. E., 999 and note 5; Fiskv. Hanani, 32 Fed., 417.
Where a removal is asked upon the ground of prejudice or local influence the order may be granted upon a proper showing as to other matters at any time before the cause has been effectively tried, unless a trial be in progress when the motion is submitted, "and undetermined." Fisk v. Hanani,142 U.S. 469. So that the order was made by the proper tribunal and in apt time, and the defendant took the precaution to procure a writ ofcertiorari and file a copy of the record in the State court (2 Foster,supra, page 832), and afterwards submit its motion, thus conforming to the construction of law, which was most exacting in its requirements. The order declining to permit the transfer of the cause was erroneous.
Error.
Cited: Howard v. R. R., 122 N.C. 953; Higson v. Ins. Co., 153 N.C. 42.
(611)