J. F. BRADLEY, Administrator of SARAH J. KANIPE, v. OHIO RIVER & CHARLESTON RAILROAD COMPANY.

*Removal of Causes—Petition for Removal — Diverse Citizenship Must Exist at Commencement of Action.*

Where neither the petition for the removal of a cause from a State to a Federal Court on the ground of diverse citizenship nor any other part of the record shows the diverse citizenship at the *commencement of the action*, the Federal Court is without jurisdiction, and its order of removal based on such defective petition is a nullity.

CIVIL ACTION, pending in the Superior Court of McDowELL County. At May, 1896, Special Term, before *Brown, J.*, the defendant, the Ohio & Charleston Railway Company, presented certain orders and proceedings of the Circuit Court of the United States, undertaking to remove this cause to the said Circuit Court, upon the grounds of local prejudice, and that said defendant was a corporation and citizen of another State.

The defendant thereupon moved this Court that it proceed no further in said cause as to said defendant.

His Honor refused the motion, and the said defendant appealed.

*Mr. E. J. Justice,* for plaintiff.
*Mr. P. J. Sinclair,* for defendant (appellant).

MONTGOMERY, J.; There were many questions raised in the record, all of which were discussed at length in the argument here. It is unnecessary, however, for us to consider but a single one of them. Both the affidavit for the removal of the cause from the State court to the United

BRADLEY *v.* RAILROAD COMPANY.

States Circuit Court and the order of his Honor Judge Dick of the latter court, directing its removal, are fatally defective in their most material and necessary features. The affidavit shows that the petitioner (the defendant in the action) was, at the time the affidavit was made, a resident and citizen of the State of South Carolina, and that the plaintiff was at that time a resident and citizen of the State of North Carolina, and the order of removal only recites the citizenship of the parties as it was set out in the petition. It does not appear affirmatively, either in the petition or in the order of removal or anywhere else in the record, that the diverse citizenship of the parties existed also at the time of the *commencement* of the action. And for that reason the order is a nullity, the Circuit Court not having jurisdiction to make the order on the affidavit. The case of *Stevens* v. *Nichols*, 130 U. S., 232, is exactly in point and decisive of this matter. The Supreme Court said in that case : " The petition for removal does not allege the citizenship of the parties except at the *date when it was filed*, and it is not shown elsewhere in the record that Stevens & Myrick were at the *commencement* of the action citizens of a State other than the one of which the plaintiff was at that time a citizen. The Court therefore cannot consider the merits of the case.' The judgment is reversed upon the ground that it does not appear that the Circuit Court had jurisdiction, and the case is remanded to that Court with directions to send it back to the State court."

No Error.