FANNIE E. HOWARD, Administratrix of J. H. A. Howard, v. SOUTHERN RAILWAY COMPANY.

(Decided April 5, 1898).

*Action for Damages—Removal of Cause to Federal Court—Application for Removal, Time of—Extension of Time by Consent.*

1. The Federal Court acquires no jurisdiction of a case pending in the State Court and sought to be removed to the former, where the petition and bond for removal are filed in the office of the Clerk of the Superior Court, where the case is pending, during vacation instead of being presented to the Judge of the Court at Term.

2. The time for filing an answer expires when it is actually filed, so far as it affects the defendant's right to apply for a removal of the cause to the Federal Court.

3. The requirement of the Removal Act of 1888 that the defendant must file his petition for removal before the time for answering expires, is imperative that it shall be filed when the plea is due, and no order of the Court or stipulation of the parties allowing an extension of time to plead can extend the time for filing the petition.

4. The filing of a petition in a State Court for the removal of a cause pending therein to the Federal Court does not *ipso facto* deprive the former of its jurisdiction or effect a removal of the cause.

CIVIL ACTION for damages pending in ROWAN Superior Court. From an order denying the defendant's petition for a removal of the cause to the Circuit Court of the United States, the defendant appealed. The facts in relation to the filing of the petition appear in the opinion.

*Messrs. A. C. Avery, Long & Long* and *Lee S. Overman* for plaintiff.

*Messrs. Charles Price* and *Geo. F. Bason* for defendant (appellant).

CLARK, J.: The summons in this action was returnable to August Term, 1897, of the Superior Court of Rowan, at which Term, by the Laws of this State (*The Code*, Sections 206 and 207) the complaint and answer were required to be filed. At that term neither was filed but an entry was made on the minutes which on its face does not purport to be by order of the court and, indeed, which is admitted to have been by consent, "plaintiff has 30 days to file complaint and the defendant 60 days thereafter to file answer." The complaint was filed 7th September, 1897, and the answer on 11th October. On 6th October the defendant filed in the office of the Clerk of said Superior Court (no term being then held) a petition for removal of said cause to the U. S. Circuit Court on the ground of diverse citizenship. It does not appear when the bond was filed but it was subsequently, for it was not justified by the surety thereto till 8th October, in Raleigh. The next term of the U. S. Circuit Court to which the cause was removable was held at Statesville 18th October. The transcript of the record was not filed at said term. At the November term of said Superior Court the cause was continued without objection. Subsequent to said term application was made to the Clerk of the Superior Court to send the transcript to the U. S. Circuit Court, which was declined because no order of removal had been made by the Judge of the Superior Court. At the February term, 1898, the defendant moved the Superior Court to sign the order of removal. This being refused, the defendant excepted and appealed to this Court.

It was held by the United States Circuit Court for the Western District of North Carolina, Dick, J., presiding, that the Federal Court could acquire no jurisdiction if

122—60

the petition and bond are filed in the office of the Clerk of the Superior Court in vacation instead of presenting them to the Judge thereof. *Fox* v. *Railroad*, 80 Fed. Rep., 945 (1897). That decision is on "all fours" with this. In delivering the opinion in that case, his Honor, Judge Dick, says: "A sufficient petition and bond to have the legal force and effect of removal must be actually or impliedly presented to a State Court in session, with power to hear and consider the application. The removal statute imposes a duty on the State Court to accept a sufficient petition and bond, and proceed no further in the cause against the petitioner. It is certainly courteous, reasonable, just and lawful that such court should have opportunity of performing its duty by considering and acting upon the application before it surrenders its original and concurrent jurisdiction, or before it is deprived of jurisdiction by the operation of paramount laws of the United States. A wise and just public policy requires Federal Courts in the exercise of their rightful jurisdiction to accord to State courts the most liberal and cordial comity that is consistent with their legal duty in the enforcement of paramount national laws." To the same tenor *Shedd* v. *Fuller*, 36 Fed. Rep., 609; *Roberts* v. *Chicago*, 45 Fed. Rep., 433; *Williams* v. *Massachusetts*, 47 Fed. Rep., 533; *LaPage* v. *Day*, 74 Fed. Rep. 977; Black's Dil. on Rem., Section 189.

If such filing is not sufficient it is clear that the defendant is not entitled to remove, for he has not made his application in time, even if the extension of time to file pleadings extended the time to ask for removal. The leave to "file complaint in 30 days and answer in 60 days *thereafter*," has been construed in this Court. *Mitchell* v. *Haggard*, 105 N. C., 173. Under that con-

struction, the complaint having been filed 7th September, the 60 days allowed defendant to file answer thereafter, was after filing complaint, and would have expired November 6; indeed however, it expired in fact October 11, when the answer was filed, for "the time for answering expired when the answer was filed," as was held in *County Board* v. *State Board*, 106 N. C., 81. Thus, in any aspect, the time for answering had expired when the Superior Court met at its regular term, 22nd November, and no petition for removal was filed even at that term and the cause was recognized as being in the State court by the order of continuance made at that term without objection. The petition was not presented to a Judge of the State court till February Term, 1898.

But if it were held that filing the petition 6th October in the Clerk's office and not before the Judge (the bond being filed at some time not shown but thereafter) was a sufficient compliance with the Act of Congress, still it was too late and ineffective. The delay in filing the bond is also held a material defect. *Austin* v. *Gagan*, 39 Fed. Rep., 626. In *Viele* v. *Accident Co.*, 40 Fed. Rep., 545, Judge Jenkins in the U. S. Circuit Court for Wisconsin, summed up his reasoning as to the time when the petition is required to be filed by the Act of Congress of 1888, thus: "It is a cardinal principle of construction that statutes should be intended to suppress the mischief and advance the remedy. Looking, then, to the clear design of Congress to abate the abuses that had arisen under the Acts of 1866 and 1867, and to further restrict the time allowed by the Act of 1875, it is apparent that Congress intended that the right should be exercised at the earliest period possible. That period was designated to be at or before the time prescribed by

law for answering: not the time when the cause, by reason of dilatory proceedings, might be ripe for answer; not the time enlarged by stipulation of parties or by the order of the court, but the determinate time specified in the statute or in the rule of court.   The statute or the general rule of court speaks that time, not the order or stipulation in the particular case."   If this is the law, it settles this controversy as to the right of removal, for by the statute the time for answering was during the August Term of the court which expired 4th September, and the leave to file pleadings thereafter was simply "an order or stipulation in the particular case" and could not change the time fixed by the Act of Congress within which the petition must be filed to be available. Judge Jenkins cites the fact that under the Act of 1875, when the petition was required to be filed "before or at the term at which the cause could be first tried," it was held in *Car Co.* v. *Speck,* 113 U. S., 84, that this time could not be extended by the agreement of parties, or the order of the court, giving time to file pleadings. The opinion is by that eminent jurist, the late Justice Miller, and to same effect is *Gregory* v. *Hartley,* 113 U. S., 746.   The sole difference in this regard between the two Acts is as to the term at which the petition is required to be filed.   The construction given by Judge Jenkins to the Act of 1888, as to time of filing the petition to remove, seems to be the accepted construction of this Act as it had been of the Act of 1875.   In *Austin* v. *Gagan,* 39 Fed. Rep., 721, Judge Sawyer, in the U. S. Circuit Court for California, (1889) held, "The party must make his election and file his petition at or before the time when his pleading is first due under the law or rules as they exist when service of summons is made, or he waives his right to a removal.   This must

be the rule, or the parties by stipulation, or the court, by special orders on their application, may extend the time to apply for a removal indefinitely and the policy of the law be thereby defeated." In *Delbanco* v. *Singletary*, 40 Fed. Rep., 177 (1889) Sabin, J., in U. S. Circuit Court for Nevada, says, "In *Wedekind* v. *Pacific Co.* (36 Fed. Rep. 279) decided by this Court, an inference might arise that possibly an order of the State court extending defendant's time to plead, might be construed as extending his time within which to file his petition and bond for removal of the cause. If such inference fairly arises in that case, we wish here to correct it, as under the authorities (above) cited it seems clear that such an order of the State court could not have such effect. The State court could not, by order or otherwise, enlarge or modify the terms and provisions of an Act of Congress, nor confer jurisdiction upon this Court which otherwise it would not have."

In *Kaitel* v. *Wylic,* 38 Fed. Rep., 865, Judge Blodgett expressly declares the statute to be imperative that the petition for removal must be made when the plea is due and that it comes too late when after the time to plead designated by law.

In *Spaugler* v. *R. R.*, 42 Fed. Rep., 305, Phillips, J., in the U. S. Circuit Court for Missouri, says, "If the time for removal can be made to depend upon action, capricious or otherwise, of the State Judge in extending it (time for pleading) for a month or six months, there would be no uniformity, no certainty in the law of removal . . . . The evident policy of Congress was to make certain, fixed and definite the time of such removal and to hasten trials, and not permit hurtful delays by removals," and he remanded the case to the State Court. This is cited with approval by Knowles,

J., in U. S. Circuit Court for Montana in *McDonald v. Hope Min. Co.*, 48 Fed. Rep., 593 (1891) and by same Judge in *Martin* v. *Carter*, Id. 596.

In *Bank* v. *Keator*, 52 Fed. Rep., 897 (1892) in the Circuit Court of U. S., for Illinois, Judge Blodgett held "a petition for removal filed after the statutory period has expired comes too late, even though filed within the time allowed for answering by order of the court, where such order is based on the stipulation of the parties." The cases cited in opposition, *Wilcox* v. *Ins. Co.*, 60 Fed. Rep., 929 and *Schipper* v. *Cordage Co.*, 72 Fed. Rep., 803, both expressly state that, if the extension of time is by stipulation of the parties and not by order of the court, the right to remove is lost. In the present case the entry on the records of the court does not state that it was made by order of the court and it was either the express agreement of the parties or was assented to by them, for there is no exception entered on record. *Fox* v. *R. R.*, 80 Fed Rep., 945 (1897) is the latest case. There, Judge Dick in the U. S. Circuit Court for the Western District of North Carolina held "That the petition and bond for removal shall be filed at or before the time the defendant is required by the State law or rules of court to plead is an imperative limitation which can not be extended by the stipulation of the parties, or by the discretionary action of the Judge in extending the time to file pleadings in that particular case." The same construction was put upon the Act by this Court also in *Williams* v. *Telephone Co.*, 116 N. C., 558, so that the State and Federal Court have here concurred in their construction.

The decisions of the highest Federal Court are in the same line. In *Martin* v. *Railroad*, 151 U. S., 673, Mr. Justice Gray says (at page 686) the petition to remove

"was filed at or before the time at which the defendant was required by the Laws of the State to answer or plead to the merits of the case, but after the time at which he was required to plead to the jurisdiction of the court, or in abatement of the writ. Was this a compliance with the provision of the Act of Congress of 1887, which defines the time of filing a petition for removal to the State Court? We think not, for more than one reason." Continuing, the opinion reviews the Acts of Congress and the decisions thereon showing that congressional action has been to restrict the right of removal, and adds (page 687) "the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the State Court as soon as the defendant was required to make any defence whatever in that court, so that, if the case should be removed, the validity of any and all of his defences should be tried and determined in the U. S. Circuit Court." That is, that his answer should be filed there and not in the State Court. The above is quoted at length and approved in *Wabash R. Co.* v. *Brow*, 116 U. S., 271 (at page 277). In *Kansas* v. *Daughtry*, 118 U. S., 298, 303, Chief Justice Fuller says: "The statute is imperative that the application to remove must be made when the *plea is due*."

Upon the authorities we must hold that the defendant has not the right to remove the cause under the Act of Congress for two reasons, each of which is fatal to his claim:

1. Because the defendant did not present his petition and bond to the Judge of the Superior Court at some term thereof, but merely filed it in the office of the Clerk of the Court in vacation.

2. Because he did not file his petition at the August

term which was "the time prescribed by law for him to answer." Its agreement with the other party for an extension of time to file pleadings did not change the time prescribed by law. If (as is extremely improbable) its counsel did not know the nature of the plaintiff's action, it is his own fault that he agreed to an extension of time beyond the date at which he could file a petition to remove. The defendant could have dismissed the plaintiff's action if no complaint was filed. The extension of time was upon consent of parties but if it had not been there was no motion to dismiss the plaintiff's action for failure to file a complaint, nor any exception to the extension of time allowed. If the defendant had excepted to an extension of time to file pleadings, then he would not have lost his right to remove of course. He can lose it only when the extension of time is by his assent, either express, as in an agreement, or tacit, as in not excepting to an order of extension.

Even if the petition was valid when filed before the Clerk and was in apt time when filed (October 6) after the time prescribed by law, the defendant recognized that the case was in the State Court both by filing his answer in the State court (October 11) and by assenting to the continuance at November term; he also failed to comply with the statute in that he did not file his transcript of the record in the U. S. Circuit Court at Statesville "at the next succeeding term thereof," held October 18. But these are possibly grounds merely for remanding the case if it were in the Circuit Court. *Steamship Co.* v. *Tugman,* 106 U. S., 118.

When a petition to remove a cause to the Federal Court is filed in the State Court, the latter does not *ipso facto* lose its jurisdiction. *Stone* v. *South Carolina,* 117 U. S., 430, cited with approval in *Crehore* v. *Ohio,*

131 U. S., 240, 243.  The right of removal is purely statutory and it must appear that the cause is one which the defendant has a right to remove and that the petition is filed within the required time.  If the State court holds that it retains jurisdiction, an appeal lies to this Court and a writ of error lies from this Court to the United States Supreme Court from the final judgment. Stone's case, *supra.*  The defendant does not lose his right to remove (if he has it) by contesting the litigation in the State courts.   Removal Cases   100 U. S., 457; Black's Dillon Removal, Section 193.  On the other hand, if the defendant on the face of his petition has the right to remove and the application for removal is in apt time, *eo instanti* the cause is removed (*Railroad* v. *Mississippi*, 102 U. S., 135, and other cases cited in Crehore's case, *supra*) and that court can send its *certiorari* to the State Court for the transcript of the record, which the clerk of the State Court must obey. Removal Acts of Congress, March 3, 1875, Section 7, which section is not repealed by the Act of 1887. *Baird* v. *Railroad*, 113 N. C., 603.

Thus the strange spectacle may be presented of the same cause between the same parties being tried at the same time in the State Court and in the Federal Court, and finally going up to the United States Supreme Court by different routes.  Upon the final decision of that tribunal, the proceedings in the court which is held not to have had jurisdiction are simply a nullity.  Such unseemly cases have occurred, but rarely (*Carson* v. *Hyatt*, 118 U. S., 279; *B. & O. R. Co.* v. *Koontz*, 104 U. S., 5) owing both to the comity of the courts of the two jurisdictions to each other and the unwillingness of counsel to subject themselves to double labor and their client to double costs.   In *Springer* v. *Howes*, 69 Fede-

ral Rep., 849, Judge Seymour, of honored memory, sitting in the United States Circuit Court for the Eastern District of North Carolina, held that the State court, in which an action has been commenced, and the Federal Court, to which it is sought to remove it, have an equal right to determine whether a proper case for removal is made out, and, hence, when the State court refused to grant the order of removal and on appeal the Supreme Court of the State had affirmed that ruling, the Federal Court under these circumstances would leave the defendants to their writ of error to the United States Supreme Court and in the meantime would remand the case, the transcript of the record having been filed in the United States Circuit Court.

In *Stone* v. *South Carolina*, 117 U. S., 430, Chief Justice Waite says: "The State court is at liberty to determine for itself whether on the face of the record a removal had been effected." If so, it is clear that the petition must be presented to the judge thereof and it is not sufficient to file it in the office of the Clerk in vacation. He then goes on to say: "If it decides against removal and proceeds with the cause, notwithstanding the petition, its ruling on that question will be reviewable here after final judgment under Section 709 of the Revised Statutes (citing several cases.) If the State court proceeds after a petition for removal it does so at the risk of having its final judgment reversed, if the record on its face shows that when the petition was filed that court ought to have given up its jurisdiction."

As we view the decisions and the Acts of Congress, it is our duty to direct the court below to proceed regularly in the trial of the cause. *Tucker* v. *Life Asso.*, 112 N. C., 796; *Bradley* v. *Railroad*, 119 N. C., 744; *Lawson* v. *Railroad*, 102 N. C., 390. As was said in the last

named case, "The constitution and statutes made in pursuance thereof fix the bounds of the concurrent jurisdiction of the Federal Courts, and provide the machinery for a transfer where it is lawful to remove, but no judicial officer has the power to invest his own court with a jurisdiction not recognized by law, or suspend the legal authority which another court is rightfully exercising."      Affirmed.