AVENT v. DEEP RIVER LUMBER CO.

(Circuit Court, E. D. North Carolina. November 26, 1909.)

No. 559.

1. REMOVAL OF CAUSES (§ 79*)—TIME FOR REMOVAL—EXTENSION OF TIME TO PLEAD.

Under Code Civ. Proc. N. C. (Revisal 1905) §§ 473, 512, requiring a defendant to plead on or before the last day of the term to which the summons is returned, "unless the time therefor be extended by the judge," an order made by the court on the last day of the term, extending the time for a defendant to answer, operates to extend the time within which he may file a petition for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 144; Dec. Dig. § 79.*]

2. REMOVAL OF CAUSES (§ 17*)—WAIVER OF RIGHT—PLEADING IN STATE COURT.

The filing of an answer in the state court by a defendant after his petition for removal has been denied does not affect his right to file the record in the federal court and obtain an order of removal therefrom before the time when his answer was due.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 10; Dec. Dig. § 17.*

Waiver of right, see note to Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 66 C. C. A. 612.]

At Law. Action by George H. Avent against the Deep River Lumber Company. On motion by plaintiff to remand to state court. Motion denied.

Lem H. Gibbons and A. A. F. Seawell, for plaintiff.
Aycock & Winston and D. E. McIver, for defendant.

CONNOR, District Judge. Plaintiff, a citizen of North Carolina, issued summons against defendant, a corporation organized under the laws of, and domiciled in, the state of Virginia, on July 7, 1909, returnable to the July term, 1909, of the superior court of Lee county, in said state, which convened on July 19, 1909. On the first day of the term plaintiff filed his complaint, alleging that, while in the employment of defendant corporation, operating in North Carolina, he sustained personal injury by reason of defendant's negligence, putting his damage at the sum of $10,000, for which amount he demanded judgment. On July 30, 1909, being the last day of the term of said court, the following order was made and entered of record in said case:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Forty days allowed defendant to file answer." On August 10, 1909, defendant filed its petition in the said court, accompanied by a bond, with surety, in the sum of $500, asking for a removal of said case into the Circuit Court of the United States for the Eastern District of North Carolina, at Raleigh, said county of Lee being within said district, which was refused by the judge of said court, whereupon defendant filed its answer. On September 6, 1909, having theretofore filed a transcript of the record in said case with the clerk of said Circuit Court at Raleigh, together with the bond required by the statute, defendant obtained from the judge of said court an order directing the removal of said case and docketing thereof in the Circuit Court of the United States. Plaintiff, upon notice duly given, on November 1, 1909, made a motion to remand the case to the superior court of Lee county, alleging, as ground of said motion, that the petition for removal was not filed within the time prescribed by the act of Congress ---before the time for filing the answer had expired.

The Code of Civil Procedure of North Carolina (Revisal 1905, §§ 473, 512) prescribes that the defendant shall answer or demur to the complaint on or before the last day of the term to which the summons is returned, unless the time therefor be extended by the judge. It is conceded that the question raised upon the record has not been expressly decided by the Supreme Court of the United States and that the decisions of the Circuit Courts are conflicting. Judge Dillon says:

"In respect to the effect on the right of removal of an extension of time allowed the defendant to plead or answer the authorities are in much apparent conflict. It is possible, however, to extract some general rules which may be said to be fairly well established by a preponderance of authority. In the first place, an extension of time by mere consent of the parties out of court—that is, by a stipulation, agreement, or understanding, not having the sanction of an order of court—will not extend the time for filing a petition for removal of the case. * * * But, on the other hand, if the laws of the state and the established practice of its courts require that the defendant shall plead or answer within a certain limited time, 'unless such time shall be extended by order of the court' (or words to that effect), then it seems that extension of the time granted by order of the court will correspondingly lengthen the time within which a petition may be filed." Dillon on Removal, § 156.

Among other cases cited to sustain the rule is Wilcox & Gibbs Guano Co. v. Phœnix Insurance Co. (C. C.) 60 Fed. 929 (Fourth Circuit), in which Simonton, Circuit Judge, examines the decisions of the federal courts in the several circuits and concludes that the correct rule is as stated by Judge Dillon. The case arose in South Carolina, in which state the Code provision in regard to the time for answering and the power of the judge to extend it is substantially the same as in North Carolina. Whatever may have been held in other circuits; and whatever may be the strength of the reasons upon which the decisions to the contrary are based, the Wilcox Case has been uniformly followed in this circuit, and, in the absence of any decision by the Supreme Court of the United States, is controlling authority. The opinion of Judge Simonton is well considered and sustained by reason. It is followed in the Second circuit. Lord v. Lehigh Valley R. R. Co. (C. C.) 104 Fed. 929. This case arose in New York, wherein the Code of Civil Procedure, in respect to the power of the court to extend the time to plead

or answer, is the same as in North Carolina. The fact that defendant, after the refusal of the judge of the state court to grant the order of removal, filed an answer, does not affect its right to file the record in this court and obtain an order of removal before the time for filing the answer, as extended, had expired. It was but respectful to that court and prudent to comply with its ruling, but did not affect defendant's rights in this court.

Under the authority of the decision in Wilcox Case, supra, defendant was entitled to file its petition and otherwise conform to the provisions of the statute in this court at any time before the answer was due under the order fixing the time—40 days from July 30, 1909. It is important that the rule, at least in this circuit, be settled and uniform. There are cases holding that an extension of time to answer by stipulation of the parties, without any order of the court, has the effect of extending the time to file the petition; also that, where there is a general or standing order in all cases that defendants have time to file answer, the same result follows. The rule is not extended beyond the facts appearing in this record.

I am not inadvertent to the fact that the Supreme Court of North Carolina has reached a different conclusion, and that while a member of that court I concurred therein (Howard v. Railway, 122 N. C. 944, 29 S. E. 778; Lewis v. Steamship Company, 131 N. C. 652, 42 S. E. 969); but the decision of the Circuit Court is controlling, and upon that authority the motion to remand must be denied.