KELLY v. VIRGINIA BRIDGE & IRON CO.

(District Court, E. D. North Carolina. February 4, 1913.)

No. 611.

1. REMOVAL OF CAUSES (§ 86*)—TIME FOR FILING PETITION.
  Where a cause in a state court, was not removable when commenced, but becomes so by a substitution of plaintiffs, which creates a diversity of citizenship between the parties, the defendant may then exercise his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right of removal, although the time for filing his petition as fixed by the terms of the statute has expired.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

2. REMOVAL OF CAUSES (§ 102*)—GROUNDS FOR REMAND—DOUBT AS TO JURISDICTION.

Where, owing to a general order of a state court extending the time to plead in a cause, without fixing any definite time, it is doubtful whether a petition for removal was filed within the time required by the statute, the federal court will decline to take jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 223, 224; Dec. Dig. § 102.*]

At Law. Action by Bryant Kelly, administrator of the estate of D. J. Kelly, deceased, against the Virginia Bridge & Iron Company. On motion to remand to state court. Motion granted.

E. L. Travis, of Raleigh, N. C., and W. E. Daniels and T. C. Harrison, both of Weldon, N. C., for plaintiff.

James H. Pou, of Raleigh, N. C., and George C. Green, of Weldon, N. C., for defendant.

CONNOR, District Judge. The motion is based upon the following facts, all of which are of record:

D. J. Kelly died intestate in Halifax county, N. C. Bryant Kelly, a resident and citizen of the state of Virginia, was, on the 1st day of February, 1911, appointed administrator of his estate by the probate court of said county. On the 8th day of March, 1911, said Kelly, as administrator, instituted an action in the superior court of Halifax county, in said state, against defendant, the Virginia Bridge & Iron Company, a corporation chartered and organized under and by virtue of the laws of the state of Virginia, having its principal office in said state, in which the summons was returnable to the March term, 1911, of said court. At the said term a general order was made by said court extending the time for filing pleadings. On January 15, 1912, 14 days before the opening of the January term of said court, the said Bryant Kelly, as administrator of D. J. Kelly, deceased, filed his complaint against defendant corporation, alleging that his intestate came to his death, while in the employment of said company, by reason of the negligence of defendant's agents and employés, whereby he sustained $20,000 damage, for which amount he demanded judgment.

On January 31, 1912, the said Bryant Kelly resigned to the probate court of said county his said office of administrator, and the same was duly accepted on February 2, 1912. Elliott B. Clark, a citizen and resident of Halifax county, in the state of North Carolina, was duly appointed administrator de bonis non of said D. J. Kelly, deceased, by the said probate court, and duly qualified according to law. At the January term, 1912, of the superior court of said county, to wit, on February 2, 1912, being the fourth day of said term, the resignation of said Bryant Kelly, administrator, having been made to appear to the judge presiding, and the appointment of Elliott B. Clark, as administrator de bonis non of said D. J. Kelly, deceased, having been duly

certified to said judge, an order was made, upon motion of said Elliott B. Clark, administrator de bonis non, that "he is allowed to become and is made a party plaintiff in this action." No amendment was made to the complaint, nor was any answer filed by defendant at that term.

On March 22, 1912, being the fourth day of the March term, 1912, of the superior court of said county, and the next intervening term after the January term, 1912, defendant filed its petition in the superior court of said county, accompanied by a bond, as prescribed by the statute, for the removal of said cause into the District Court of the United States for the Eastern District of North Carolina, the county of Halifax being in said district, which was denied by the judge of said court. On the 31st day of May, 1912, the defendant caused a transcript of the record in said cause, together with said petition and bond, to be docketed in this court. Plaintiff in due time lodged this motion to remand said cause to the superior court of Halifax county. Said motion is based upon the following grounds: (1) That the petition for removal was not filed within the time prescribed by law. (2) That there was no diversity of citizenship between the parties hereto at the commencement of this action. The plaintiff and the defendant, as they existed at the time of commencement of the action and the filing of the complaint herein, were both residents and citizens of the state of Virginia.

[1] While it is true, as insisted by plaintiff, that it is held in many cases that, to entitle a defendant to remove a cause, brought in the state court, into the District Court of the United States, because of diversity of citizenship, it must appear in the record that such diversity existed at the time of the institution of the action, and also at the time of filing the petition for removal, it appears, from a careful examination of the facts in the cases cited, that they are not controlling authorities in disposing of this motion. It is not very material to inquire, or to decide, whether the grant of letters of administration to Bryant Kelly, a resident of the state of Virginia, was void, because not within the jurisdiction of the court, under the provisions of the North Carolina statute (Revisal 1905, § 5, subsec. 2), or was voidable and subject to be vacated upon a motion before the court granting them, and, therefore, not open to collateral attack. It would seem that the last is the correct view. The present plaintiff, administrator de bonis non, comes into the case, by order of the court, by way of succession. It is manifest that the action by the first administrator was not removable. There was no diversity of citizenship; both plaintiff and defendant being residents of the state of Virginia. It is clear that, so soon as Kelly resigned and the present plaintiff, administrator de bonis non, was substituted as the sole party plaintiff, the action immediately became one in which there was a diversity of citizenship. None of the cases cited by plaintiff are based upon such state of facts as we have here. In Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 100, 18 Sup. Ct. 264, 267 (42 L. Ed. 673), it is said:

"The reasonable construction of the acts of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when

necessary to carry out the purpose of the statute, yield to the principal enactment as to the right, and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which the case was brought."

It is also said that, while the statute clearly manifests the intention that the petition shall be filed at the earliest possible opportunity, "so long as there does not appear of record to be any removable controversy, no party can be entitled to remove it, and the provision of the act of Congress, that 'any party entitled to remove any suit' 'may make and file a petition for removal at or before the time when he is required to make answer to the suit,' cannot be literally applied." Mr. Justice Gray says that the question whether a defendant may file, in the state court in which the suit was commenced, a petition for removal, after the time mentioned in the act of Congress has elapsed, in a case which was not removable when the time expired, "is now directly presented for adjudication." He notes the fact that it had not theretofore been presented or decided. This decision was rendered at the October term, 1897, by a unanimous court. It is not suggested in the opinion that any of the cases relied upon by plaintiff to sustain this motion, decided prior thereto, are overruled or questioned. The case has been frequently cited with approval. Lathrop Shea & Co. v. Int. Const. Co., 215 U. S. 246, 251, 30 Sup. Ct. 76, 54 L. Ed. 177.

I have, as a matter of convenience, disposed of the second ground assigned in the motion to remand, not overlooking the first.

[2] By reason of the loose practice prevailing in the state courts in regard to the time of filing pleadings and the orders made in that respect, a large number of cases removed into this court have, upon motion to remand, presented perplexing and difficult questions as to whether the petition for removal was filed "before the defendant is required, by the laws of the state, or the rule of the state court, in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff." Jud. Code (Act March 3, 1911, c. 231; 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]) § 29. The Code of Civil Procedure of North Carolina requires the plaintiff to file his complaint in the clerk's office on or before the third day of the term to which the action is brought. Pell's Rev. 1905, § 466. It is also provided that the defendant shall appear, and demur or answer, at the same term to which summons shall be returnable; otherwise, the plaintiff may have judgment by default. Section 473.

"The judge may, in his discretion, and upon such terms as may be just, allow an answer or reply to be made * * * after the time limited, or by an order *enlarge such time.*" Section 512.

The Supreme Court of North Carolina, in accordance with the decisions of other state and some federal courts, has uniformly held that an order enlarging the time to file pleadings does not extend the time to file the petition for removal to the United States court. Howard v. R. R. Co., 122 N. C. 944, 29 S. E. 778; Lewis v. Steamship Co., 131 N. C. 652, 42 S. E. 969; and other cases. Judge Dillon

says that the decided cases upon the question "are in much apparent conflict." Dillon on Removal, 156. The authorities holding variant views are collected in the note to Wilson v. Coal Co., 135 Iowa, 531, 113 N. W. 348, in 14 Ann. Cas. 266. The question was presented in this district in Avent v. Lumber Co. (C. C.) 174 Fed. 298. I felt constrained, by the opinion of Judge Simonton in Guano Co. v. Insurance Co. (C. C.) 60 Fed. 929 (4th Circuit), to hold that the enlargement of time, by order of the court, to answer, extended the time until, under the terms of the order, "the answer was due." I felt bound by this decision, both because it was made by a Circuit Judge of the Fourth circuit and by my very great respect for the ability and learning of the judge writing the opinion. The same conclusion has been reached and followed in other circuits, notably in the Second circuit. The New York Code contains the same provisions in regard to time for filing pleadings, and the power of enlarging such time, as the North Carolina Code. See cases cited in note, 14 Ann. Cas. 266, supra. If the question were open in this circuit, I should be inclined to hold to the contrary, because, upon the reason of the thing, the argument is about equally balanced, and such ruling would produce uniformity in the practice and harmony between the ruling of the state and federal court; both being matters of very great importance in the due administration of justice.

To hold that counsel must file the petition for removal at the first term at which they are required to plead, if well understood, would work no hardship, and would bring the parties to an issue at the term of the court to which the summons was returned. The question here, however, is whether, giving to the general order enlarging the time to file pleadings, no definite time being fixed, a fair construction, the petition for removal was filed at the term at which it was the duty of defendant to demur or answer. The complaint was filed some days prior to January term, 1912, disclosing the cause of action and amount of damages claimed to be more than $3,000. At the same term, on February 2, 1912, the present administrator was permitted to make himself party plaintiff. It is not suggested that any other than a formal amendment of the complaint was necessary—simply to allege his appointment and the order of the court making him a party. This would have been treated upon the trial as done, and the record made to conform to the fact, upon mere suggestion, or by the court ex mero motu. Treating the January term, 1912, as that to which the time to file pleadings was, by order of the court, enlarged, why was not the defendant required to answer at that term? In Avent's Case, supra, the complaint was filed and an order made enlarging the time to file answer to 40 days. The question as to whether the petition was filed within the time at which the answer was due, under the rule of the court enlarging the time, was free from doubt. Here it is not. It appears to be the uniform practice of the federal courts, where their jurisdiction is doubtful, to remand the case to the state court. In Johnson v. Wells Fargo & Co. (C. C.) 91 Fed. 1, Morrow, Circuit Judge, discussing the facts in that case, says:

"It is certain that the jurisdiction of the Circuit Court on removal is not clear in this case, and it is only when the jurisdiction is clear that it is

justified in assuming cognizance of the cause on removal." Plant v. Harrison (C. C.) 101 Fed. 307, and other cases cited in 4 Fed. Stat. Anno. 372.

Guided by this practice, and in view of the doubt whether the time to file answer did not, under a reasonable construction of the order, require the answer to be filed during the January term, I am of the opinion, that the motion to remand should be granted. I wish to call the attention of the attorneys practicing in this district to the fact that, in Avent's Case, supra, it was held, on the authority of the Guano Co. Case, supra, that when a definite time was fixed for filing the answer by a rule of the court made in the instant case, and not by a general rule of the court, or stipulation of the parties or counsel, the time to file the petition for removal will be regarded as extended to such definite time. Whether or not this rule is in harmony with the language of the statute, it is at least definite and certain, and will not be extended to cases where the time to file answer is enlarged by a general order, or where it is doubtful and uncertain when the answer is due.

Cause remanded.