## O'BRIEN v. LASHAR et al.

## SAME v. ANDERSON et al.

(Circuit Court of Appeals, Second Circuit. March 24, 1921.)

No. 226.

1. **Attorney and client ☞86—Attorney has authority to stipulate for extension of time within which other party must plead.**

   A stipulation extending the time within which the defendants may file motions to dismiss, or answers or other pleadings, was within the authority of attorneys for plaintiff, and is binding upon plaintiff.

2. **Equity ☞419—Court has inherent power to set aside decrees pro confesso.**

   Even if the entry of a decree pro confesso was not erroneous, the trial court had inherent power to set it aside.

3. **Courts ☞354—Rule prescribing conditions for relief against default decree only applies after final decree.**

   Equity rule 17 (198 Fed. xxiii, 115 C. C. A. xxiii), which makes it a condition of relief against default decree that defendant file his answer within such time as the court shall direct, applies to a cause which, after decree pro confesso, has been proceeded in ex parte to final decree, and has no application to a cause in which the court set aside the decree pro confesso before the final decree.

In Equity. Separate suits by James J. O'Brien against Walter B. Lashar and others and against Percy P. Anderson and others. From a decree dismissing the bills, with leave to amend, plaintiff appeals. On motion to strike out parts of the record. Motion denied.

See, also, 266 Fed. 215; 273 Fed. 521.

James J. O'Brien, in pro. per.

Arthur M. Marsh, of Bridgeport, Conn., for appellees Lashar and others.

William H. O'Hara, of Bridgeport, Conn., for appellee Fairfield Park Companies.

Before WARD, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. December 29, 1919, decrees pro confesso were entered in these causes under equity rule 16 (198 Fed. xxiii, 115 C. C. A. xxiii). The plaintiff's theory is that, after the decrees pro confesso, the defendants were out of court, and all papers thereafter filed by them were nullities, as were all orders of the court entered upon them.

[1] The earliest period within which any defendant was required to answer was December 12th, on which day the plaintiff's attorneys extended the time of all the defendants to file "motions to dismiss or answer or other pleadings as they and each of them may see fit," on or before December 26th, as of December 12th. December 26th the defendants did file motions to dismiss the bills.

The plaintiff repudiated this stipulation, dismissed his attorneys and appeared in propria persona. But this stipulation was entirely within the authority of his attorneys when made and he was bound by it. 6

C. J. 643. Therefore decrees pro confesso should not have been entered.

[2] Even if this were not so, it was within the inherent power of the court to set aside the decrees pro confesso and January 10, 1920, the court very properly did so, giving the defendants leave to plead or to make any motion before January 26th. January 20th the defendants refiled their motions to dismiss the bills.

[3] Equity rule 17 (198 Fed. xxiii, 115 C. C. A. xxiii), on which the plaintiff relies, makes it a condition of relief that the defendant shall "file his answer within such time as the court shall direct." But this rule applies to a cause which after decree pro confesso has been proceeded in ex parte to final decree. This cause was not proceeded in ex parte, nor any final decree entered, so that rule 17 is wholly inapplicable.

November 1st, the court dismissed both bills, giving the plaintiff 15 days within which to amend. Instead of availing himself of this privilege, he took these appeals.

Motion denied.