## HOLT v. GASTON COUNTY DYEING MACH. CO. et al.

District Court, M. D. North Carolina, Greensboro Division. February 16, 1928.

1. Courts &#x25B8;347(1)—In equity, counsel's agreement to extend time to plead does not bind court (equity rules 12 and 16).

In suit in equity in federal court, agreement by counsel to extend time to plead has no binding effect on court, until court makes order based on such stipulation, in view of equity rules 12 and 16.

2. Appearance &#x25B8;9(1)—Attorney's oral agreement with plaintiff's attorney to extend time for filing answer held not general appearance, where not reduced to stipulation or basis of court's order.

In suit in equity, action of attorney for defendants, not admitted to practice in court in which suit was brought, in requesting plaintiff's attorney to extend time for filing answer, without knowledge of defendants, *held* not to constitute waiver, nor to amount to general appearance, which would bar defendants' right to present motion to strike out service and dismiss suit.

In Equity. Suit by Lafayette Holt against the Gaston County Dyeing Machine Company and others. On motion to dismiss bill. Granted.

Brooks, Parker, Smith & Wharton, of Greensboro, N. C., and Isaac C. Wright, of Wilmington, N. C., for plaintiff.

Cansler & Cansler and John M. Robinson, all of Charlotte, N. C., for defendants.

HAYES, District Judge. This is a suit in equity to enjoin the defendants from infringing upon certain patents of the plaintiff, which he alleges the defendants have infringed. It is admitted that the defendants are inhabitants of Gaston county, in the Western district of North Carolina, and that they do not maintain a place of business in the Middle district of North Carolina, and it is conceded that the Western district of North Carolina is the proper venue for this suit.

The defendants were served with process in the Western district, issuing from the Middle district, of North Carolina. The process was served on December 3, 1927, returnable on December 12, 1927. The defendants had, under equity rule 12, until December 23 to file an answer.

The defendants were represented by Messrs. E. S. Cansler and John M. Robinson, attorneys at law residing at Charlotte, N. C., within the Western district, who are regular practicing attorneys of the courts of the United States, and by Mr. Charles F. Randall, a patent attorney of Boston, Mass., who has not been admitted to practice in the state of North Carolina or in this court. On December 8, 1927, Mr. Randall requested plaintiff's attorney to extend the time to file answer until December 31, and he did so without the knowledge of Messrs. Cansler and Robinson, or of either of them, or of either of the defendants. Plaintiff's attorneys agreed to extend the time for filing answer until December 31, 1927.

On December 12, 1927, the defendants filed a special appearance and motion to dismiss, on the ground that the defendants were inhabitants of the Western district of North Carolina, and were not properly served, asking that the service be stricken out, and that the suit be dismissed.

[1] There was no stipulation actually entered into by the attorneys extending the time to file answer, nor was there any order made by the court extending the time. Nor did the defendants do anything which could be considered as submitting to the jurisdiction of this court, except as stated above. Equity rule 16 requires the defendants to answer within the time fixed by rule 12, unless the time is enlarged for cause shown by the judge. Bearing in mind that this is a suit in equity, and that the practice and procedure are both governed by the equity rules prescribed by the United States Supreme Court, an agreement by counsel to extend the time to plead has no binding effect on the court, unless and until the court makes an order based on such a stipulation. Of course, where the parties agree to an extension of time, which results in the failure of the defendant to file an answer in proper

time, the court of equity would not be likely to permit a judgment pro confesso to stand. O'Brien v. Lashar (C. C. A.) 273 F. 520.

Plaintiff relies on Brookings Bank v. Federal Reserve Bank (D. C.) 291 F. 659. This was an action at law, in which the stipulation was signed extending the time to answer and filed with the court, and an order was made by the court extending the time. Of course, this conduct amounted to a general appearance; but it is not authority to support plaintiff's contention in this case. Connor, District Judge, in Avent v. Deep River Lumber Co. (C. C.) 174 F. 298, quotes from Judge Dillon as follows:

" 'In the first place, an extension of time by mere consent of the parties out of court—that is, by a stipulation, agreement, or understanding, not having the sanction of an order of court—will not extend the time for filing a petition for removal of the case. * * * But, on the other hand, if the laws of the state and the established practice of its courts require that the defendant shall plead or answer within a certain limited time, "unless such time shall be extended by order of the court" (or words to that effect), then it seems that extension of the time granted by order of the court will correspondingly lengthen the time within which a petition may be filed.' Dillon on Removal, §' 156."

[2] The conduct of the parties is not sufficient to constitute a waiver, nor is it sufficient to amount to a general appearance on the part of the defendants.

The motion to strike out the service and to dismiss the suit is granted, and the plaintiff and the surety on his bond are adjudged to pay the costs.