SANDERLIN v. PEOPLE'S BANK OF BUFFALO, N. Y., et al.

(Circuit Court, E. D. North Carolina.   July 29, 1905.)

1. REMOVAL OF CAUSES—PROCEDURE—ORDER FOR REMOVAL MADE BY CLERK.
   In a suit for partition in a court of North Carolina, in which, under the laws of the state, the clerk is authorized to make all necessary orders and to enter judgment, such clerk has authority to make an order for the removal of the cause on a petition filed before answer.

2. SAME—TIME FOR FILING PETITION.
   Where, by the rules of a state court, the time for answering may be extended by stipulation, a petition for removal may be filed at any time within the time so extended.

On Motion to Remand to State Court.

Harry Skinner, for plaintiff.
Shepherd & Shepherd, for defendants.

PURNELL, District Judge. The motion, which is to remand, was not made in writing as required under the rules of the court, but a notice in writing was served herein on defendants, which will be considered as a motion made under the rules, in these words: "This case be remanded for trial to the superior court of Dare county upon the ground that the record in said cause shows that

said case was never properly removed to the United States Circuit Court, and because the record shows that it could not properly be removed to said Circuit Court." The ground for this motion, as appears in the argument, is, first, that the clerk had no authority to make the order, and, second, because the time to answer had expired. The argument took somewhat of a wide range of these two questions of easy solution. First this was a proceeding in partition, of which the clerk of the superior court under the laws of North Carolina has jurisdiction. See several provisions in the Code of North Carolina, and under which the clerk of the court, without reference to the judge thereof, may make all necessary orders and render a final judgment according to the petition, by default or otherwise. If the answer had not been filed within the time prescribed in the summons, the clerk could have entered judgment by default for want of an answer and ordered a partition of the land. It appears in the record that the time to answer was extended by stipulation of counsel, and an order of the court made in pursuance of such stipulation. Under the rules of these state courts the time to answer did not expire until the time thus extended was out. Before that time had thus expired the petition for removal was made and the order entered. This case is easily distinguished from the case of Howard v. Railway Company, 122 N. C. 944, 29 S. E. 778. That was a case pending in the superior court before the judge, and the petition for removal was filed in the office of the clerk during vacation, instead of being presented to the judge at term, and an order entered on stipulation of counsel. That is not the case here, though counsel for the complainant cite this case with a good deal of confidence. The two cases are not "on all fours" even if the decision of the state court was controlling in a matter of this kind. Decisions of state courts are always treated with great respect, and when they effect a rule of property, etc., are followed. However, the state authority does not conflict with federal decisions, as counsel seem to think. Upon the second question the federal decisions are apparently somewhat in conflict with each other, but not in jurisdictions where the rules of the state courts are called to their attention, and these rules are not treated as ironclad, but relaxed to accommodate lawyers in extending time upon stipulations for filing pleadings. In such cases the decisions are uniform. The jurisdictional facts appear in the record.

Motion overruled and disallowed.