Civil action pending in the Superior Court of Pitt County and heard upon motion for judgment by default and inquiry. No answer has been filed, but on 23 April, 1910, defendant filed a petition and bond for removal to the Circuit Court of the United States, which at the hearing before JudgePeebles was urged in bar of the judgment by default. Upon the hearing his Honor rendered the following judgment:
This cause coming on to be heard before Honorable R. B. Peebles, *Page 30 Judge presiding at the May Term of Pitt County Superior Court, 1910, upon the motion of attorneys for plaintiffs for judgment by default and inquiry for want of an answer on the part of defendant, and the same having been argued fully by Messrs. Skinner Whedbee, attorneys for plaintiff, and it appearing to the court that summons in this action issued 11 September, 1909, and served 14 September, 1909, and that thereafter complaint was filed 9 December, 1909, and that since the issuance of the summons in this (37) cause there have been civil terms of Pitt County Superior Court as follows, to wit, 13 December, 1909; 24 January, 1910; 21 March, 1910, and 2 May 1910, and that no answer has been filed to the complaint filed in this cause, and at none of the terms of said court, nor at any other time has the defendant in the above entitled cause made any motion or obtained any leave of record to file answer, and that the defendant, up to the 23d day of April, 1910, never filed any bond or made any motion for the removal of this cause from this court. The 2 May term only held for one day, and the petition was not called to the attention of the court, and the judge announced that he would remain as long as there was anything he could do: It is therefore ordered, adjudged and decreed by the court that the plaintiff W. B. Higson is entitled to recover of the defendant in this action on account of the matters and things alleged in the complaint; and it is further ordered that a jury come at a subsequent term of this court to assess the amount of the damages that the plaintiff is entitled to recover of the defendant company by reason of the matters and things alleged in the complaint.
And this cause is retained for further orders.
R. B. PEEBLES, Judge Presiding.
From the judgment rendered the defendant appealed.
After stating the case. It appears to be settled by both the Federal and State courts in numerous decisions based upon petitions to remove causes pending in State courts upon the ground of diverse citizenship, that the jurisdiction of a State court over a removable case terminates upon the timely filing therein of a proper petition and bond for its removal to the U.S. Circuit Court. S. S. Co. v. Tugman, 106 U.S. 118; Stone v. SouthCarolina, 117 U.S. 430; Winslow v. Collins, 110 N.C. 121.
It is equally well settled that the State court is not bound to surrender its jurisdiction unless the petition shows upon its face a removable cause founded upon diverse citizenship, and unless such petition *Page 31 
and an accompanying bond are filed in the State court within the (38) time required by the acts of Congress of 1887-1888. R. R. v. Daughtry,138 U.S. 298; Stone v. South Carolina, 117 U.S. 430; Howard v. R. R.,122 N.C. 944; Corp. Commission v. R. R., 151 N.C. 447; Moon on Rem., sec. 156.
The statute is imperative that the application to remove must be made to the State court when the answer is due, and although the plaintiff does not then move for judgment by default it can not be held that he thereby extends the time for removal. R. R. v. Daughtry, supra; Moon, sec. 156. Mr. Moon says: "A plaintiff may even stipulate that defendant shall have further time to answer without plaintiff thereby consenting that a petition for removal may be filed after the time limited therefor has expired." Again the same author says: "The better reason, if not the weight of authority, sustains the theory that the State court in which a suit is pending can not by order extending the time for the defendant to answer, or otherwise, enlarge the time within which a petition for removal may be filed." In support of the text the author cites a great array of decided cases from the Federal courts, p. 446.
Referring to this construction of the act, Judge Sanborn says: "It secures uniformity in the practice, prevents delays and I think is in accord with the evident intention of Congress. It was not within any time that a defendant might procure to be given him by the court or his opponent, but within the time fixed by the statute, that Congress intended the petition should be filed." Gold Mining Co. v. Hunter, 60 Fed., 305;Howard v. R. R., 122 N.C. 944, and cases cited.
The fact that the courthouse of Pitt was burned on 24 February, 1910, when the original summons and complaint in this cause were destroyed, can not help the defendant.
The complaint was filed 9 December, 1909. Civil terms of the Superior Court convened on 13 December, 1909, and 24 January, 1910. At neither of those terms did the defendant offer to file the petition and bond for removal, but waited until long after the time for answering had expired.
It is true the defendant filed with the clerk of the Superior Court of Pitt on 24 January, 1910, a copy of a petition and bond for removal of this cause, but it was a copy of a petition addressed (39) to the judge of the United States Circuit Court for the Eastern District of North Carolina and filed in that court praying the Federal judge to order a removal of this cause to that court. This copy was attached to a copy of an order of said judge directing the clerk of the Circuit Court to cause a copy of such petition and his order to be *Page 32 
forwarded to the Superior Court of Pitt to the end that said record may be certified to the Circuit Court of the United States.
It was not an original petition for removal addressed, as it should be, to the judge of the Superior Court of Pitt (as the petition filed 23 April was addressed), but only a copy of a proceeding commenced originally in the Circuit Court of the United States and delivered to the clerk of the Superior Court of Pitt County. Nevertheless, treating it as an original petition for the sake of argument, it was not filed within the time required by law nor presented to the Superior Court in term.
The time for answering according to our statute expired with the term convening 13 December, 1909, and a filing with the clerk of a petition and bond for removal is not a presentation to the judge in term as is required.R. R. v. Roberts, 141 U.S. 690; Howard v. R. R., supra; Shedd v. Fuller, 36 Fed., 609; Roberts v. R. R., 45 Fed., 433. It is further contended that the order of the district judge had the effect to remove the cause into the Circuit Court of the United States and to oust the jurisdiction of the State court.
We can not concede this, and with entire respect for the learned judge, must hold that his order can not have the effect to terminate the jurisdiction of the State court.
If the removal proceeding were founded in the local prejudice act of Congress we should willingly concede that his order lawfully transferred the cause to the Circuit Court.
But where the ground of removal is solely that of diverse citizenship, as we understand the law, the Circuit Court has no authority to order a transfer of the cause, especially when at the time no petition (40) and bond has been presented to the State court, as was the case here.
The right of removal for diverse citizenship is purely statutory, and before the jurisdiction of the State court can be disturbed it must appear affirmatively that a proper petition and bond has been in due time presented to the State court, when, as said by Chief Justice Waite, inStone v. South Carolina, 117 U.S. 430: "The State court is at liberty to determine for itself whether on the face of the record a removal had been effected." The learned Chief Justice then proceeds to say: "If it decides against removal and proceeds with the cause, notwithstanding the petition, its ruling on that question will be reviewable here after final judgment under section 709 of the Revised Statutes (citing several cases). If the State court proceeds after a petition for removal it does so at the risk of having its final judgment reversed, if the record on its face shows that when the petition was filed that court ought to have given up its jurisdiction."
The act of Congress does not confer upon the lower Federal courts *Page 33 
the power to order removal of causes on account of diverse citizenship, as it does in the local prejudice act, but the removal proceeding must commence in the State court by filing the petition and bond there.
At the time Judge Connor's order was made, 10 January, 1910, no petition or bond had ever been filed in the Superior Court of Pitt County, either presented to the judge or filed with the clerk, and that court had not been asked to surrender its jurisdiction.
We fail to find any authority, State or Federal, which sustains the action of the Circuit Court under such circumstances, and its order can not have the effect to oust the jurisdiction of the Superior Court of Pitt County. "A State court is not ousted of its jurisdiction of a case by unauthorized proceedings taken for removal of the same case to a Federal Court." Johnson v. Wells Fargo Co., 91 Fed., 1; Tevis v. PallentineInsurance Co., 149 Fed., 560.
It is contended that the plaintiff's counsel appeared in the Circuit Court and moved to remand to the State court, and that such action is a recognition of the Circuit Court's jurisdiction and (41) power to make the original order.
We are unable to see how any action of plaintiff's counsel can confer on a court a jurisdiction not conferred by law, but we would regard a motion to remand as rather in the nature of a challenge to the jurisdiction of the Circuit Court to make the order of removal rather than submission to or recognition of it. The motion was doubtless made to prevent an unseemly conflict between the State and Federal courts.
Had the defendant pursued the usual and orderly procedure, the petition and bond would have been presented to the Superior Court in term, and if the judge determined that on the face of the record a removal had not been effected, the defendant could have appealed to this court, and if necessary had its judgment reviewed by the Supreme Court of the United States, and thus preserved its right to answer until the right of removal had been finally adjudicated. On the contrary, the defendant chose to commence its removal proceedings originally in the Circuit Court and declined to file its answer to the complaint in the State court.
There was nothing left for the State court to do but grant the plaintiff's motion for judgment by default and inquiry.
The point is made that a judgment by default can not be lawfully rendered in the absence of a summons substituted in place of the original served on defendant 14 September, 1909, and destroyed by fire. This is not necessary, as the defendant admits, when it filed its petition for removal on 23 April, that it had been made a party defendant to this action. This is not only admitted by the act of filing itself, but it is *Page 34 
expressly stated in the petition that the summons has been duly served on defendant.
Nevertheless the substituted summons has been filed in the record by leave of this Court since the argument.
The cause is remanded to the Superior Court of Pitt with instructions to execute the inquiry, and otherwise proceed as the law directs.
Affirmed.