## HIGSON v. NORTH RIVER INS. CO.

(Circuit Court, E. D. North Carolina. January 3, 1911.)

1. REMOVAL OF CAUSES (§ 89*)—PROCEEDINGS—PETITION TO FEDERAL COURT—
   EFFECT.

   Under Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 435 (U. S. Comp. St. 1901, p. 510), relating to removal of causes, and providing that the petition for removal must be presented to the state court accompanied by a bond, to entitle petitioner to remove, a petition and bond addressed to the judge of the Circuit Court and an order obtained from him for such removal were

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ineffective to remove the cause, though the petition and bond were subsequently filed in the office of the clerk of the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 189; Dec. Dig. § 89.*]

2. REMOVAL OF CAUSES (§ 89*)—PROCEDURE—PETITION AND BOND—PRESENTATION TO JUDGE OF STATE COURT.

Under Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 435 (U. S. Comp. St. 1901, p. 510), requiring a removal petition and bond to be presented in the first instance to the presiding judge of the state court in which the cause is pending, that he may first pass on their sufficiency, the mere filing of a petition and bond with the clerk is insufficient to remove the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 189; Dec. Dig. § 89.*]

3. REMOVAL OF CAUSES (§ 79*)—APPLICATION—TIME—EXTENSION OF TIME TO ANSWER.

An order extending defendant's time to answer carries with it an extension of the time to file a petition and bond for the removal of the cause to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 144; Dec. Dig. § 79.*]

4. REMOVAL OF CAUSES (§ 79*)—PROCEEDINGS—FILING PETITION—TIME.

Defendant having been served with a summons requiring an answer in the November, 1909, term of the state court, and no such term having been held, the court at the December term made a general order extending the time to answer in all cases not otherwise provided "until the next term as of this term." At the succeeding January, 1910, term a similar order was entered, and on February 23, 1910, the courthouse with the records, including the summons and complaint, was destroyed by fire. At the succeeding March term the court entered an order reciting the fact, and directing that all parties should have until the next term of court to supply papers, and that in all cases in which complaints and answers were filed it would only be necessary to file new complaints and answers without restoring the summons. In cases where no answers had been filed, the summons and complaint should be restored. *Held,* that such order did not extend defendant's time to answer, which had expired at the beginning of the March term, and hence the filing of a petition and bond to remove in the state court on April 23, 1910, was too late.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 144; Dec. Dig. § 79.*]

5. PLEADING (§ 85*)—TIME TO ANSWER—DESTRUCTION OF RECORDS—EFFECT.

The destruction of a county courthouse and all the records of a lawsuit therein contained by fire did not continue or extend defendant's time to answer as a matter of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 174; Dec. Dig. § 85.*]

6. REMOVAL OF CAUSES (§ 103*)—REMAND—STATUTES.

Act March 3, 1875, c. 137, § 5, 18 Stat. 472 (U. S. Comp. St. 1901, p. 511), providing that when a case has been removed to the federal court, and it appears that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of the federal court, or that parties have been improperly or collusively made or joined, the court shall proceed no further therein, but shall dismiss the suit or remand it, etc., has no application where the complaint to remove a cause alleges a removable controversy, and the only question in dispute is whether the case has in fact been removed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 221; Dec. Dig. § 103.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. REMOVAL OF CAUSES (§ 106*)—PROCEEDINGS AFTER REMAND.

Where, after an attempt has been made to remove a cause to the federal court, plaintiff's counsel entered a special appearance for the sole purpose of moving to retire the case from the docket, and insisting that the proceedings taken had been insufficient to remove the cause, there was no waiver of plaintiff's right on his objection being sustained to have the cause retired from the docket.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 216; Dec. Dig. § 106.*]

Action by one Higson against the North River Insurance Company. On defendant's application for an injunction to restrain plaintiff's proceedings in the state court, and on plaintiff's motion to retire the case from the docket. Injunction denied, and motion granted.

Harry Skinner, for plaintiff.
C. W. Tillett and L. I. Moore, for defendant.

CONNOR, District Judge. Plaintiff, a citizen of Pitt county, N. C., sued out of the superior court of said county on September 11, 1909, a summons against defendant corporation, having its residence in the state of New York, which was duly served on September 14, 1909, returnable to the November term of said court. No court was held at the time prescribed for holding the November term, 1909. At the December term of said court a verified complaint was filed by plaintiff, setting out a removable cause of action; more than $2,000 being involved. No answer was filed. A general order was made by the court extending the time, in all cases not otherwise provided, for defendants to file answers "until the next term as of this term." At the next succeeding term, January, 1910, a general order was made in the same terms as that of the December term, 1909. On January 24, 1910, defendant filed a petition addressed to the judge of the Circuit Court, together with a bond, as prescribed by law, for the removal of said cause into the Circuit Court of the United States, together with an order for such removal, which was signed by the judge, and, pursuant thereto, the clerk of the superior court of Pitt county certified a transcript of the record in the case to the Circuit Court at New Bern, N. C., which was filed in the office of the clerk of said court April 14, 1910. No petition was at that time filed in the superior court of Pitt county. On February 23, 1910, the courthouse in said county, together with many of the records, including the summons and complaint in this action, was destroyed by fire. At the next succeeding term of said court, March, 1910, an order was made reciting the fact that the courthouse and records were destroyed, and directing "all parties have until the next term of the court to supply papers. In all actions in which complaints and answers were filed, it will only be necessary to file new complaints and answers without restoring the summons. In all cases where no answer had been filed, summons and complaint must be restored." No other orders which could affect the rights of the parties to this action were made. On March 30, 1910, plaintiff filed a substituted complaint and prosecution bond, but did not file a substituted summons. On April 23, 1910, defendant

filed in the office of the clerk of the superior court of Pitt county a petition for removal of the cause, together with a bond as prescribed by the act of Congress. The next succeeding term of the court convened on May 2, 1910, when the judge presiding rendered judgment against defendant by default and inquiry, to which defendant excepted, insisting that the cause had been removed into the Circuit Court of the United States. The judge was never asked to sign an order removing the cause, nor was his attention called to the petition and bond filed with the clerk on April 23, 1910, until the judgment was rendered. On April 20, 1910, plaintiff entered a motion in the Circuit Court of the United States to remand the cause. This motion was, by consent, continued from time to time, and was pending when the judgment by default and inquiry was entered in the superior court. Defendant excepted to the ruling of the superior court for that the cause had by virtue of the proceedings herein recited been removed into the Circuit Court of the United States, and was not then pending in the superior court, and appealed to the Supreme Court of the state. The judgment was affirmed by the Supreme Court. 68 S. E. 920. On the 29th day of October, 1910, defendant filed a bill in equity in the Circuit Court of the United States against the plaintiff herein, setting forth the facts herein recited, and alleging that the plaintiff threatened to proceed to have the writ of inquiry as to the damages demanded in his complaint executed in the superior court of Pitt county, etc. The prayer is for process and an injunction. The motion for a restraining order until the hearing was heard at New Bern and at the same time the motion by plaintiff "to retire the case from the docket," etc., was heard.

It is not very material .for the purpose of disposing of the cause whether the motion made by plaintiff to remand be considered as pending, or whether the defendant's prayer for an injunction restraining plaintiff from proceeding with the trial in the superior court of Pitt county be made the basis of the order. No process has issued in the equity suit. It seems clear that the order of January 24, 1910, was ineffectual to deprive the state court of its jurisdiction. The statute (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 435; 4 Fed. Stat. Ann. 349 [U. S. Comp. St. 1901, p. 510]), by which the power to remove is conferred, requires the petition and bond to be filed, in the first instance, in the state court. "The petition for removal must be presented to the state court, accompanied by a bond to entitle the petitioner to remove. The removal cannot be granted on petition to the Circuit Court." Simonton, Circuit Judge (4th Circuit) in Mayo v. Dockery (C. C.) 108 Fed. 899. The case therefore remained in the state court, unless by filing the petition and bond in the office of the clerk of the superior court on April 23, 1910, it was removed. Two objections are urged to this petition: That simply filing the petition and bond with the clerk was not a compliance with the provisions of the statute; that they should have been presented to the judge presiding so that he might pass upon their sufficiency. Several of the federal judges have so held, and it would seem correctly. Unless the attention of the judge of the state court is called to the petition and bond, how is it

possible for him to grant or refuse the petition to remove? It is certainly proper to present the petition to the judge and is the usual and approved practice. The further objection is made that the time for filing the petition had passed. Eliminating all controversy in regard to the question whether the orders granting time to file answer prior to the March term, 1910, extending the time to file the petition, and conceding that under the ruling in the Fourth Circuit in Wilcox, etc., v. Phœnix Ins. Co. (C. C.) 60 Fed. 929, and Avent v. Lumber Co. (C. C.) 174 Fed. 298, the order extending time to file answer carried with it an extension of the time to file petition for removal, the defendant's time expired at the beginning of the March term, 1910. While it is true that the courthouse was burned on February 23, 1910, and that the court would have granted further time to answer, no such order was made. The order, as made, was doubtless so intended, and it may have reasonably been so interpreted by counsel, but it is not so drawn. Nothing is said about extending time to answer, and this court has no power to write it into the order. The destruction of the courthouse and records did not as a matter of law operate to extend the time to answer. It constituted ample reason why the court should, and doubtless would, have granted time. It would seem that prudence would have suggested that an order to that effect should have been asked. It is held that the statute in respect to the time within which the petition to remove must be filed is to be strictly construed and complied with. Daugherty v. West. Union Tel. Co. (C. C.) 61 Fed. 138. It will be noted that the language of the statute in regard to remanding a cause improperly removed (Act March 3, 1875, c. 137, § 5, 18 Stat. 472; 4 Fed. Stat. Ann. 371 [U. S. Comp. St. 1901, p. 511]) contemplates that when in a case which has been removed it appears that it "does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, * * * the said court shall proceed no further therein but shall dismiss the suit or remand it," etc.

This case does not come within the words of the statute. It is conceded that the complaint sets out a removable controversy, one in which the plaintiff and defendant are residents of different states. The real question, therefore, is whether the case has been "removed" into this court. No petition having been presented to the superior court of Pitt county for the removal, as required by the statute, the conclusion seems inevitable that no controversy or cause is pending in this court, unless the failure to do so is an irregularity which the plaintiff may waive, thereby validating the act of the clerk of the superior court in sending to this court a certified copy of the record on April 14, 1910. The record shows that counsel for plaintiff entered a special appearance for the single purpose of making the motion to "retire the case from the docket," etc. I am of the opinion that plaintiff has not waived any of his rights, even if he could, by his action, confer jurisdiction upon this court under the circumstances and conditions appearing in the record. The defendant in its bill asking for an injunction against the plaintiff from proceeding

in the state court presents the real and determinative question. I am of the opinion that the act of the clerk in certifying the record to this court was without authority, and did not operate to remove the case into this court, that the filing of the petition and bond in the office of the clerk of the superior court of Pitt county on April 23, 1910, did not operate to remove the case. and that in no aspect of the record is the defendant entitled to an injunction as prayed for. The cause will be retired from the docket of this court at the cost of the defendant.

It is ordered that the motion for injunction be denied, and bill dismissed.