**STUART v. UNITED BEN. LIFE INS. CO.**

**SAME v. MUTUAL BEN. HEALTH & AC-CIDENT ASS'N.**

District Court, W. D. North Carolina.

Feb. 20, 1933.

Zeb F. Curtis and A. C. Avery, both of Asheville, N. C., for plaintiff.

Johnson, Smathers & Rollins, of Asheville, N. C., for defendants.

WEBB, District Judge.

Strictly, this matter is before me on a question of whether or not I shall vacate or make perpetual a restraining order heretofore issued by me on the 10th of January, 1933, restraining the plaintiff from further prosecuting his suits in the state court against the two defendants above named. But, since the defendants have filed their petition and bond in the state court, and have transferred this cause under the statute (Jud. Code § 28 [28 USCA § 71]) to the United States District Court for the Western District of North Carolina, my decision upon the restraining order will also have the effect of either retaining jurisdiction of this cause in the United States court or of remanding it to the state court. Counsel for both sides seem to agree that the question at issue is tantamount to a motion to remand to the state court.

I have read with interest the excellent briefs of counsel for both sides. Counsel for the plaintiff takes the position that the case should be remanded and the injunction dissolved, because the clerk of the superior court of Buncombe county refused to order the case transferred to the federal court, on the ground that the acts of the defendants, which will be discussed later, amount to a consent to the jurisdiction of the state court, and a waiver of their right to a trial in the federal court, and that the defendants had no right to file the petition and bond and have the cases transferred to the United States court. Plaintiff contends that the defendants should have excepted to the clerk's ruling, and should have appealed the matter to the superior court judge, and on to the Supreme Court of the state, if necessary.

I cannot agree with the contention of the plaintiff on this point, for the federal statute provides that defendants may file a verified petition in the state court at any time before they are required by the state rules or laws to answer, or plead to the declaration or complaint, setting forth the grounds for removal, and, upon the filing in the state court of a good and sufficient bond, "it shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit." 28 USCA § 72.

In Madisonville Traction Company v. St. Bernard Mining Company, 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462, the court says that, if the case should be a removable one, it is regarded as having been removed upon filing of the petition and the accompanying bond for removal. See, also, Iowa Cent. R.

642

Co. v. Bacon, 236 U. S. 305, 35 S. Ct. 357, 59 L. Ed. 591; also Williams v. New York, P. & N. R. Co. (C. C. A.) 11 F.(2d) 363, 45 A. L. R. 437.

■ The court therefore is of the opinion that the defendants had the right to file their petition and proper bond in the state court, and immediately the case should have been docketed in the United States court, as was done. Then, if removal was improper for any cause, the plaintiff should file a motion to remand, and then it would be determined by the United States District Judge as to whether or not the cause should be retained in the United States court. However, · as said before, this issue is squarely raised on the question of whether or not I shall perpetually enjoin the plaintiff from prosecuting his suit in the state court, or whether I shall dismiss the injunction and permit him to proceed with the suit in the state court. The whole question revolves around the facts as to whether or not the defendants by their conduct have waived their right to transfer this suit to the federal court.

■ The facts on this point, briefly stated, are that on the 17th day of August, 1932, the clerk of the superior court of Buncombe county issued a summons against the defendants at the request of the plaintiff, and, at the same time, the clerk signed an order extending the time for filing the complaint in the cause until the 17th day of September, 1932. On the same day the clerk signed an order appointing a commissioner and issued a subpœna duces tecum requiring the two defendants to be and appear before the commissioner, through their state manager, R. A. Patten, on the 12th day of September, 1932, and to produce certain records of the defendant companies in order that the plaintiff, H. R. Stuart, might obtain sufficient information and facts upon which to file his complaint in the pending actions.

It appears that all or nearly all of the information requested by the plaintiff in the subpœna duces tecum was then in the home office of the defendant companies at Omaha, Neb.; and it appeared that considerable effort and time would be required in assembling the necessary information, and thereupon the attorneys for the defendant companies informed counsel for the plaintiff that it would not be possible to secure the information the plaintiff desired by the 12th of September. Whereupon it was realized that it was useless to meet before the commissioner on the 12th of September to secure information which could not possibly be had by that time. Thereupon it was agreed and consented to by counsel for both plaintiff and defendants that the examination of Patten should be continued until the 23d day of September, instead of the 12th. The clerk had only extended the time for filing the complaint until September 17th, at which time it would have been impossible for the plaintiff to have secured the information sought, upon which to file his complaint. Hence it appeared to be proper and courteous and natural for counsel for the defendants to agree that the plaintiff should have ample time to secure his facts upon which to file his complaint, and they therefore agreed that the time for filing complaints should be continued for a month longer, to wit, to October 17, 1932.

On the date mutually agreed upon by counsel for both plaintiff and defendants, to wit, September 23, the examination of Patten, state manager for the two defendants, before the commissioner, was had, and counsel for both plaintiff and defendants were present. Patten was questioned by counsel for plaintiff with reference to various data and information with the idea of furnishing the plaintiff facts upon which to base his complaint.

It appears that on the 12th of October, 1932, counsel for plaintiff advised defendants' counsel that, owing to the multiplicity of facts and figures and other ·data which had been given to the plaintiff by the said Patten, it would be necessary to secure the services of an accountant to assemble such information in order that the complaint could be drawn. It is contended, and I think is a fact, that the plaintiff's counsel told the counsel for the defendants that this work doubtless would require several days, and that, unless plaintiff's counsel were given additional time within which to file the complaint, they would be put to the necessity of dismissing the pending action and starting new suits, and re-examining the said Patten. In this situation there was scarcely anything left for courteous counsel in this district to do except to accommodate the plaintiff's counsel by agreeing to an extension of time until the 15th day of November, 1932, within which to file the complaint; and accordingly such stipulation was signed by the counsel for plaintiff and defendants. Accordingly, the plaintiff, having secured such information as was necessary in order to file his complaints, did file them on November 10.

After these complaints were filed setting forth that the amounts sued for were over $60,000 in each case, the defendants' counsel duly filed a written notice, petition, and justified bond, in the office of the clerk of the superior court of Buncombe county, asking that the cases therefore be transferred to the United States court for trial.

It will be noted, and we believe it is a fact, that up to the date of filing the complaints the defendants never knew what amount would be demanded by the plaintiff.

Now I am aware that upon this statement of facts the Supreme Court of North Carolina, following its decision in the case of Ford, Administrator, v. Pigeon River Lumber Company, 155 N. C. 352, 71 S. E. 439, would probably hold that the defendants had waived their right to a trial in the United States court, and had submitted themselves to the jurisdiction of the state court. Judge Brown, speaking in this case, however, said: "It may be, as contended by defendant, that a petition for removal need not be presented until the complaint is filed and the record then discloses a removable controversy as to the sum demanded, but under our decisions the defendant has waived his right to remove and submitted itself to the jurisdiction of the court by not excepting to the order we have quoted." This order referred to is: "Plaintiff allowed 40 days to file complaint. Defendant has 40 days to file answer."

Because the defendant did not except to this order and did not move to dismiss the action for failure to file complaint, the court held in that case that the defendant waived its right to a trial in the federal court, and submitted itself to the jurisdiction of the state court.

All technicalities aside, the Constitution gives a nonresident defendant the right to have his case tried in the federal court if the amount involved exceeds $3,000. Based upon the Constitution, the Congress has expressly provided that, where the defendant is a foreign corporation and the amount involved exceeds $3,000, exclusive of interest, then the case is triable, at the request of the defendant, in the United States court. It would seem a little harsh, and somewhat technical, to hold that, where courteous counsel have obliged counsel in the manner set forth in the case now before me, a defendant should be penalized or denied its right to try its case in the tribunal expressly provided by Congress. I do not think that a defendant's right to try his case in the federal court should be forfeited unless he has shown some

clear act amounting to a waiver of the jurisdiction of this court before or after the amount demanded is set forth in the complaint. In the case at bar the defendants' counsel could not have asked that the case be transferred to the federal court before the jurisdictional amount appeared in the complaint. If they had not agreed to comply with request of counsel for the plaintiff by granting the additional time in order to secure from an officer of the defendant companies information upon which to base the complaint, then defendants' counsel would have had to appear a little rude or discourteous in demanding a dismissal of the actions for failure to file the complaints within the time prescribed by the state rule. I can see no conduct in the whole of this case, on the part of defendants' counsel, which would indicate that they intentionally submitted to the jurisdiction of the state court for the trial of the cases. They did not know, and could not know, how much the plaintiff intended to demand in his suits against their clients, and it would probably have been regarded as discourteous for counsel to have insisted upon a dismissal of the action before information upon which to file a complaint could be secured by plaintiff's counsel, and thus compel plaintiff's counsel to institute a new suit, with the attendant costs and trouble.

I think it is a law almost universally established, certainly in the federal courts, that a defendant will not be held to have waived his right to a trial of his cause in the federal court unless his intention to waive said right clearly appears, "the question of waiver depending upon whether the action taken by the defendant exhibits such a purpose to abide by the state jurisdiction as to estop him from afterwards asserting the contrary." 54 Corpus Juris, 210; McMillen v. Indemnity Ins. Co. (D. C.) 8 F.(2d) 881; Duvall v. Wabash Railroad Co. (D. C.) 9 F.(2d) 83; Missouri, K. & T. Ry. Co. v. Chappell (D. C.) 206 F. 688. Annotations in U. S. Code Annotated, § 71, support the following holding: "Mere taking of depositions under the state law before filing petition to remove does not constitute such inconsistency with the purpose to remove at the proper time as to waive the right." Duvall v. Wabash Ry. Co.; McMillen v. Indemnity Ins. Co., supra, and Scott v. Hull, 14 Ind. 136.

It has been held that entering into a stipulation for referee to take testimony does not waive the right to remove. Ketchum v. Black River Lumber Co. (C. C.) 4 F. 139. It has been held by good authority that the appear-

ance by the defendant and participation in hearings on preliminary motions regarding injunctions, attachments, and other provisional remedies does not constitute a waiver of his right to removal. Cella, Adler & Tilles v. Brown (C. C.) 136 F. 439; Garrard v. Silver Peak Mines (C. C.) 76 F. 1.

It has likewise been held by good authority that, where by the rules of a state court a motion to dissolve an injunction will not be heard until an answer is filed and the defendant files an answer in order to enable him to move for the dissolution of the injunction, this does not amount to a waiver of the right to remove. Champlain Construction Co. v. O'Brien (C. C.) 104 F. 930; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co. (C. C. A.) 131 F. 657.

It is my opinion, therefore, fortified by the foregoing authorities, that the participation of the defendants' counsel in the examination of Patten and agreeing to the extension of time to file a complaint in order to accommodate the plaintiff's counsel did not amount to a waiver of the right of the defendants to transfer their cases for trial to the United States court. I cannot conclude that this conduct on the part of the defendants' counsel exhibited a clear purpose to submit the trial of their cases to the jurisdiction of the state court. In further support of my view I cite the case of Brown v. Davis (D. C.) 13 F.(2d) 256, 257, where the plaintiff filed a suit in the state court and the defendant voluntarily came into court and waived the issuance of summons and entered his appearance in the cause. Before the time for answering expired the defendant filed his petition and bond for removal to the United States court. A motion was made by the plaintiff to remand the cause to the state court on the ground of waiver, and the judge in his opinion, among other things, said: "It would be wrong to hold that defendant lost his right to remove because he saved to the plaintiff the trouble, expense and delay of bringing him compulsorily into court." See, also, Higson v. North River Ins. Co. (C. C.) 184 F. 165. Where time for answering has been extended by agreement, a petition for removal may be filed at any time within the time so extended, and such stipulation does not waive the right to remove. Sanderlin v. People's Bank (C. C.) 140 F. 191.

I cannot therefore find that the conduct on the part of the defendants' counsel clearly exhibited an intent on their part to waive their right of removal, inasmuch as the complaint had not been filed and the amount sued for was never disclosed until the complaint was filed. The action of the defendants' counsel, almost immediately after the complaint was filed disclosing the jurisdictional amount, in moving to transfer the case to the federal court, negatives the whole idea that they intended to waive this right.

The court therefore orders and adjudges, as a matter of law and fact, that the defendants did not waive their right of removal.

Having found and decreed as above, it is further adjudged that the two actions between the plaintiff and the defendants, now pending in the United States District Court for the Western District of North Carolina at Asheville, be retained for trial there, and the request to remand these cases to the state court for trial is refused.